UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10575-GAO

ANTHONY LIPSCOMB,
Petitioner,

v.

WARDEN JEFFREY GRONDOLSKY,
Respondent.

ORDER
September 28, 2017

O'TOOLE, D.J.

Petitioner Anthony Lipscomb, an inmate at FMC Devens, has filed a self-prepared petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Lipscomb claims that his federal conviction and sentence are unlawful and that he is actually innocent. He seeks his release and/or a new trial. For the reasons set forth herein, the petition is dismissed.

Because Lipscomb already unsuccessfully sought review under 28 U.S.C. § 2255 from the sentencing court, the United States District Court for the District of Rhode Island, he cannot challenge his conviction in a § 2241 action in this Court unless he can show that he is entitled to relief under the savings clause of § 2255(e). See Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute."); United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241"), cert. denied, 528 U.S. 1176 (2000). "Most courts have required a credible allegation of actual innocence to access the savings clause." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir.

2008) (citations omitted); see Barrett, 178 F.3d at 52–53 (discussing availability of § 2241 where a petitioner claims "actual innocence").

Lipscomb has had several requests for permission to file successive petitions under § 2255 denied by the Court of Appeals. Lipscomb v. United States, No. 16-1328 (1st Cir. Apr. 25, 2016); Lipscomb v. United States, No. 13-2030 (1st Cir. Oct. 2, 2013); Lipscomb v. United States, Nos. 11-1460, 11-1798 (1st Cir. Nov. 17, 2011), cert. denied, 565 U.S. 1242 (2012) (mem.). He has also had a prior attempt to invoke § 2241 as a means for review of his conviction rejected by the District of New Hampshire. Lipscomb v. FCI Berlin, Civil No. 14-cv-398-JL, 2014 WL 6769753 (D.N.H. Nov. 25, 2014).

An inability to meet the second or successive filing requirement does not make the remedy under § 2255 inadequate or ineffective. Nor has Lipscomb plausibly demonstrated that he is actually innocent. The petition broadly alleges that the lead detective and witness for the prosecution in Lipscomb's criminal case was later charged with and pled guilty to felony drug offenses. That behavior has no discernable bearing on whether Lipscomb actually committed the crimes of which he was convicted. There are no facts proffered from which the Court can infer a plausible claim of actual innocence.

Accordingly, the petition (dkt. no. 1) is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge